UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE HOWARD,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

Civil Case No.: 8:12-cv-1894-T-24-EAJ
Criminal Case No.: 8:07-cr-80-T-24-EAJ

Related Case No.: 8:10-cv-829-T-24-EAJ

## **ORDER**

This cause comes before the Court on Petitioner Lawrence L. Howard's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. 1; CR Doc. 95). Because review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b). As explained below, the motion is dismissed because it is time-barred and successive.

## **I. Background**

On March 13, 2007, a federal grand jury indicted Petitioner for attempting to possess with intent to distribute five kilograms or more of cocaine. (CR Doc. 1). Following a two-day trial on August 13–14, 2007, a jury found Petitioner guilty. (CR Doc. 66). Pursuant to 21 U.S.C. § 841(b)(1)(A) and the 21 U.S.C. § 851 enhancement filed by the Government, the Court sentenced Petitioner on November 15, 2007 to a mandatory minimum sentence of 240 months of imprisonment. (CR Docs. 70–71). Petitioner appealed his conviction to the Eleventh Circuit,

1

which affirmed his conviction on January 9, 2009. (CR Doc. 86; *United States v. Howard*, 307 F. App'x 309 (11th Cir. 2009)).

Petitioner filed his first § 2255 motion on April 8, 2010. (CR Doc. 89). The Court denied that motion on March 21, 2011. (CR Doc. 93). Thereafter, in August of 2012, Petitioner filed the instant § 2255 motion. (CR Doc. 95; CV Doc. 1).

## II. Discussion

Petitioner asserts one ground in support of his contention that he is entitled to relief under § 2255. Specifically, he argues that he is actually innocent of the § 851 enhancement. However, because his motion is untimely and a successive filing, the motion is denied.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for section 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037–38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)–(4)).

Petitioner appealed his conviction, and the Eleventh Circuit affirmed on January 9, 2009. His conviction became final on April 9, 2009, when the time for seeking certiorari review expired. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (holding that "when a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255[f](1) until the expiration of the 90-day period for seeking certiorari"). Petitioner filed the instant motion in August of 2012, more than three years after his conviction became final.

Petitioner argues that the instant motion is not untimely, because it was filed within one year after the date on which the right at issue in his motion was initially recognized by the Supreme Court. Stated differently, Petitioner argues that based on the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), he is actually innocent of the § 851 enhancement, and his § 2255 motion is timely filed because his right not to have his sentence enhanced under § 851 was recognized within the last year.[1] As explained below, Petitioner's timeliness argument fails.

The Supreme Court's decision in *Carachuri-Rosendo* was issued on June 14, 2010, which is more than one year prior to the filing of the instant § 2255 motion. Thus, Petitioner's motion is not timely, because it was not filed by June 14, 2011. Furthermore, because the Supreme Court has not stated that *Carachuri-Rosendo* applies retroactively, *Carachuri-Rosendo* cannot be relied on as a basis to restart the one-year limitations period. *See U.S. v. Johnson*, 2012 WL 3070972, at *2 (M.D. Fla. July 26, 2012)(stating that the Supreme Court has not stated

---

[1]The Supreme Court's decision in *Carachuri-Rosendo* dealt with the issue of whether two state court misdemeanor convictions for drug possession qualified as an aggravated felony under the Immigration and Nationality Act.

3

that *Carachuri-Rosendo* is retroactive); *Fields v. Warden, FCC Coleman-USP*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012)(stating that the petitioner had not shown that *Carachuri-Rosendo* applies retroactively).

To the extent that Petitioner argues that the one-year period should not begin to run until the date the Fourth Circuit issued its opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), in which the Fourth Circuit extended the Supreme Court's analysis in *Carachuri-Rosendo* to criminal sentencing under the Controlled Substances Act, this argument is flawed. To begin with, this Court is not bound by the Fourth Circuit's decision, and as such, it has no relevance to the issue of whether the instant § 2255 motion is timely filed. *See Johnson*, 2012 WL 3070972, at *2. Additionally, the underlying drug possession conviction in *Simmons* was based on a North Carolina sentencing structure that is unlike that of Florida.

Accordingly, the Court concludes that the instant § 2255 motion is not timely filed. As such, the motion must be dismissed as time-barred.

### B. Successive

Additionally, this motion must be dismissed because it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case. As such, this Court lacks jurisdiction to consider this successive § 2255 motion. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

### C. Merits

Additionally, the Court notes that even if the instant § 2255 motion was timely filed and was not successive, the Court would still deny the motion on the merits. Petitioner argues that

4

he is actually innocent of the § 851 enhancement, because his underlying conviction for possession of cocaine, which was used for the sentence enhancement, was not a prior felony drug conviction. Specifically, he argues that because he only received probation as a result of his conviction for possession of cocaine, that conviction is not a prior felony drug conviction that can support a § 851 enhancement. The Court rejects this argument.

Petitioner was convicted of possession of cocaine, which is a third degree felony that is punishable by up to five years of imprisonment. As such, his conviction for possession of cocaine was, and is, a felony drug conviction that supports a § 851 enhancement. Therefore, if the Court were to consider the merits of Petitioner's untimely and successive § 2255 motion, the motion would be denied.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's section 2255 motion is **DISMISSED AS UNTIMELY AND SUCCESSIVE.** The Clerk is directed to close the civil case.

# CERTIFICATE OF APPEALABILITY AND
# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner